# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
# Norfolk Division

ADONAY SWORD YADA AL-ALI FATHER ALLAH,
*also known as*, Eric M. Cummings and Adonay Sword Yada Al-Ali,
#1063962,

        Petitioner,

v.                                                            ACTION NO. 2:12cv549

HAROLD W. CLARKE,

        Respondent.

## UNITED STATES MAGISTRATE JUDGE'S
## REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

On June 25, 2010, Petitioner Adonay Sword Yada Al-Ali Father Allah was convicted, in Suffolk Circuit Court, of possession with intent to distribute cocaine, in violation of Code of Virginia § 18.2-248. *Comm. v. Allah*, CR10000434-00 (Suffolk Cir. Ct., June 25, 2010). Petitioner was sentenced to serve seven years in prison with three years suspended. *Id.* Petitioner filed a direct appeal to the Court of Appeals of Virginia, which was denied on May 18, 2011. *Allah v. Comm.*, Record No. 2599-10-1 (Va. Ct. App., May 18, 2011) (per curiam). His subsequent

petition for appeal to the Supreme Court of Virginia was refused on December 6, 2011. *Allah v. Comm.*, Record No. 111130 (Va., Dec. 6, 2011).

On June 7, 2012, Petitioner filed a state habeas petition in the Virginia Supreme Court. Petitioner challenged his conviction on two grounds. First, he argued the Suffolk Circuit Court lacked in personam jurisdiction and venue over him because he was an "Aboriginal Indigenous Washitaw Moorish National" and a "non-resident of any state." Pet.'s Grounds 14(a), *Allah v. Director of Dept. of Corrections*, Record No. 121016 (Va., Jun. 7, 2012). Second, he argued his due process rights were violated because he was arrested without probable cause. Pet.'s Grounds 14(b), *Allah v. Director of Dept. of Corrections*, Record No. 121016 (Va., Jun. 7, 2012). This petition was dismissed by the Virginia Supreme Court as "frivolous" on August 10, 2012. *Allah v. Director of Dept. of Corrections*, Record No. 121016 (Va., Aug. 10, 2012).

Petitioner, proceeding *pro se*, filed the present federal habeas petition seeking relief under 28 U.S.C. § 2254 on September 26, 2012. ECF No. 1. In this present petition, Petitioner makes the following claims:

(1) The Suffolk Circuit Court failed to prove it held in personam jurisdiction over Petitioner because of his foreign state status, in violation of the Sixth Amendment. *See* Pet. Attach. 1 (ECF No. 1).

(2) Petitioner's Fourth Amendment rights were violated because the blunt roach suspected to be marijuana was not authenticated. *See* Pet. Attach. 2 (ECF No. 1).

On October 26, 2012, Petitioner filed a Motion for Interrogatories. ECF No. 3. Additionally, Petitioner filed a Motion for Rule 15(a)(d) Amended and Supplemental Pleadings. ECF No. 11. The Court ordered a Respondent's to file a response, (ECF No. 12), which the

Respondent did (ECF No. 13). Petitioner filed a reply to the response, and the Court considered that briefing in its decision. Finally on April 5, 2013, Petitioner submitted a Motion for the Appointment of Counsel. ECF No. 15.

Respondent filed a Rule 5 Answer and Motion to Dismiss on November 14, 2012. ECF Nos. 4 & 5. Accordingly, this matter is ripe for judicial review.

## II. <u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u>

**A. Exhaustion and Procedural Default**

Before applying for federal habeas relief pursuant to 28 U.S. C. § 2254, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. *See* 28 U.S.C. § 2254(b) (2012). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthew v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). The exhaustion requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Both of Petitioner's claims have been exhausted as he presented both in his petition for habeas corpus to the Supreme Court of Virginia. The Supreme Court of Virginia dismissed both claims as frivolous. *Allah v. Director of Dept. of Corrections*, Record No. 121016 (Va., Aug. 10, 2012). Therefore, Petitioner's filings satisfy the exhaustion requirement.

## B. Standard of Review

Under 28 U.S.C. § 2254, this Court may not grant relief on any claim that was adjudicated on its merits in State court, unless the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2) (2012).

A state court decision is "contrary to" clearly established federal law when a state court arrives at a conclusion opposite that of the Supreme Court on a question of law, or when a state court decides a case differently than the Supreme Court on materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). A state court decision constitutes an "unreasonable application" of federal law when the court identifies the correct governing legal principal from the decisions of the Supreme Court, but unreasonably applies that principal to the facts of the case. *Id.* at 413. A state court need not cite to, or even be aware of, relevant Supreme Court precedent "so long as neither the reasoning nor the result" contradicts or unreasonably applies the law. *Early v. Packer*, 537 U.S. 3, 8 (2002). As this is a deferential standard of review, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 386-89. In the Fourth Circuit, under *Bell v. Jarvis*, a denial of appeal by the Virginia Supreme Court is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000).

4

Accordingly, this Court must apply the same deferential standard of §2254 to a review of the decision of the Virginia Supreme Court dismissing Petitioner's state habeas petition.

**C. Sixth Amendment Claim**

In his first claim, Petitioner argues that the Suffolk Circuit Court did not have in personam jurisdiction to try Petitioner because he claims to be a foreign state citizen, and Petitioner alleges this lack of jurisdiction violated his Sixth Amendment rights. *See* Pet. Attach. 1 (ECF No. 1). The Supreme Court of Virginia dismissed this claim as frivolous. *Allah v. Director of Dept. of Corrections*, Record No. 121016 (Va., Aug. 10, 2012). Because the Supreme Court of Virginia summarily rejected Petitioner's state petition, this Court will conduct an independent review of the applicable law to determine whether Allah has made the requisite demonstration under 28 U.S.C. § 2254(d)(1)-(2). *Bell v. Jarvis*, 236 F.3d 149 (4th Cir. 2000). This independent review is limited to determining "whether the state court's adjudication of the claims before it was a reasonable one in light of the controlling Supreme Court law." *Id.* at 162.

Petitioner's claim is based on his allegation that the Suffolk Circuit Court did not prove jurisdiction after Petitioner challenged the Court's jurisdiction. *See* Pet. Attach. 1 (ECF No. 1). Petitioner challenged jurisdiction because Petitioner alleges he is a foreign citizen. *Id.* Based on his state petition, Petitioner appears to claim that he is an "Aboriginal Indigenous Washitaw Moorish National." Pet.'s Grounds 14(a), *Allah v. Director of Dept. of Corrections*, Record No. 121016 (Va., Jun. 7, 2012).

This argument is not new in the Fourth Circuit and has been dismissed repeatedly by the courts. *See e.g., United States v. Green*, 150 Fed. App'x 216 (4th Cir. 2005) (calling such an argument "baseless"); *Ferguson-El v. Virginia*, 2011 WL 3652327, at *3 (E.D. Va., Aug. 18,

5

2011) (dismissing a similar claim against Virginia because "[s]uch a theory is legally frivolous"); *United States v. Mitchell*, 405 F.Supp. 2d 602 (D. Md. 2005) (finding that such an argument is "patently without merit"); *see also* James Evans, Note, *The "Flesh and Blood" Defense*, 53 Wm. & Mary L. Rev. 1361 (2012) (discussing the history of this argument and its treatment by courts in the Fourth Circuit).

The courts within this circuit are unanimous, and agree with the Supreme Court of Virginia, that arguments like the one Petitioner makes are frivolous. Therefore, the Supreme Court's decision to dismiss Petitioner's claim was reasonable, and this Court RECOMMENDS the claim be dismissed.

### D. Sufficiency of the Evidence

Petitioner alleges in his second ground that his Fourth Amendment rights were violated because the Commonwealth lacked probable cause to arrest him on the basis that the blunt roach found in his car was marijuana. Although this is the overall argument, Petitioner combines two issues into this ground. First, Plaintiff alleges that the trial court failed to follow state law on a number of issues regarding the evidence in this case. Second, Plaintiff argues that the Commonwealth lacked probable cause for his arrest. The Court will first discuss the state law claims and then will examine the probable cause argument.

*(i) State Law Claims*

Within his Fourth Amendment argument, Petitioner references what he considers to be violations of state law that occurred at this trial. Petitioner argues that §§ 19.2-187 & 19.2-188.1 of the Code of Virginia and Virginia Law of Evidence § 14-5(C) were violated when his attorney was not given a laboratory report before trial and when the Commonwealth did not prove that the field

test used in his case was an approved test. *See* Pet. Attach. 2. (ECF No. 1). Petitioner argues that because of this, the cocaine evidence certificate should be suppressed. *Id.*

In order for this Court to address the merits of any exhausted, non-procedurally defaulted claims, they must also be cognizable in federal court, meaning that the claims arise from matters of federal law. 28 U.S.C.A. § 2254 (2012). The United States Code permits a federal court to issue a writ of habeas corpus only if the state prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. 2254(a); *see also*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Consequently, "[m]atters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978).

Petitioner's arguments regarding state law violations are not cognizable in a federal petition for a writ of habeas corpus. These claims deal with procedural issues and burdens of proof that only apply to state proceedings. Although Petitioner couches these arguments within the Fourth Amendment, these allegations do not address whether Petitioner's Fourth Amendment rights were violated, but rather address whether Petitioner's process under state law was observed. As these are state law claims and are not cognizable, the Court RECOMMENDS these claims be rejected and Petitioner's requested remedy of suppression be rejected.

*(ii) Probable Cause Claim*

Petitioner also alleges, as part of his second ground, that the Commonwealth did not have

7

probable cause to arrest him. Pet. Attach. 1. This claim was ruled on by multiple state courts. The trial court ruled on this claim when it overruled a motion to strike the evidence made by Petitioner's counsel, based on the alleged lack of probable cause for an arrest. *Comm. v. Allah*, Trial Tr., 96-104, CR10000434-00 (Suffolk Cir. Ct., June 25, 2010). The Supreme Court of Virginia also ruled on this claim and dismissed it as frivolous. *Allah v. Director of Dept. of Corrections*, Record No. 121016 (Va., Aug. 10, 2012).

Because the state courts have ruled on this claim, the Court can only grant a petition for a writ of habeas corpus if that ruling was unreasonable in light of prevailing law. The Court finds no evidence that the Supreme Court of Virginia's ruling was unreasonable in this case.

Although Petitioner argues that no probable cause for his arrest existed because "the blunt roach suspected to be marijuana was not authenticated, and a chain of custody was not entered on the record at trial," (Pet. Att. 1), the issue of authentication is a state law claim, not a probable cause claim. As discussed in Part 2.D.i, state law claims are not cognizable in federal habeas corpus petitions.

Because Petitioner raises the issue of probable cause for this arrest, the Court will address that issue. Probable cause is determined not by procedures in state law, but instead it is a question of whether the officer has a "reasonable ground for belief of guilt," and that belief was "particularized with respect to the person to be searched or seized." *Maryland v. Pringle*, 540 U.S. 366, 370 (2003) (internal citations and quotations omitted).

This is a case involving a traffic stop, which led to a vehicle search and subsequent arrest. At trial, the arresting officer testified that he stopped Petitioner because it was dark out and one of the headlights on Petitioner's car was not working. *Comm. v. Allah*, Trial Tr., 12-13,

CR10000434-00 (Suffolk Cir. Ct., June 25, 2010). When the officer walked up to Petitioner's car, he smelled the odor of marijuana coming from inside the car and asked Petitioner when he last smoked marijuana in the car. *Id.* at 13. Petitioner confessed he had done so earlier that day and handed the officer two smoking devices. *Id.* Based on his smelling the odor of marijuana coming from the vehicle, the officer searched the car. *Id.* at 15. He then found the blunt roach, which he suspected to be marijuana, in the car and arrested Petitioner for possession of marijuana. *Id.* at 16.

To make a lawful stop, search and arrest based on probable cause, the officer must have had a reasonable belief that a crime was committed and Petitioner committed that crime. *See e.g., Pringle*, 540 U.S. at 370.[1] When the officer approached the car, he smelled the odor of marijuana, and additionally, Petitioner admitted he had been smoking marijuana in the car earlier. This provides sufficient support for searching the car for the marijuana. The officer then found the roach blunt, which he believed to be marijuana, and arrested Petitioner for possession. In this case, the smell of marijuana combined with the blunt roach provided "reasonable ground[s] for belief of guilt." *Pringle*, 540 U.S. at 370. These facts were particular to the Petitioner because he was the driver of the vehicle and admitted he had smoked marijuana in the car.

Further, the Supreme Court of Virginia has held that a warrantless arrest for possession of marijuana is lawful if the officer smells the odor of marijuana and finds, what the officer suspects is, marijuana in the vehicle. *Williams v. Warden of Sussex I State Prison*, 278 Va. 641, 648 (2009) (citing *United States v. Johns*, 469 U.S. 478, 482 (1985)). This holding is consistent with United States Supreme Court precedent. *See Johns*, 469 U.S. at 482 ("After the officers came closer and detected the distinct odor of marihuana, they had probable cause to believe that the vehicles

---

[1] It should be noted that the traffic stop was lawful as driving with a non-functioning headlight is a traffic offense in Virginia. *See* Va. Code § 46.2-1101 (2012) (requiring two functioning headlights).

contained contraband").

Based on the record, the state courts ruling in the instant case followed the precedent of both the Virginia Supreme Court and the United States Supreme Court. These facts provide sufficient support to find that the state courts applied the law reasonably. Based on that finding, the Court RECOMMENDS that this claim be dismissed.

### III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Allah's petition for a writ of habeas corpus be DENIED and DISMISSED and Respondent's motion to dismiss be GRANTED. The Sixth Amendment claim should be DENIED because the state court reasonably applied the law. The portion of the Fourth Amendment claim based on Virginia's statutes should be DENIED because questions of state law are not cognizable on federal habeas review. Additionally, the portion of the Fourth Amendment claim arguing there was no probable cause to arrest Petitioner should be DENIED because the state courts reasonably applied clearly established federal law, and based the decision on a reasonable determination of the facts.

Allah has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

As for Petitioner's outstanding motions, the Court DENIES Petitioner's Motion for Interrogatories, (ECF No. 3), because the interrogatories are unnecessary as the record speaks for itself. The Court also DENIES Petitioner's Motion for Appointment of Counsel, (ECF No. 15), since the case can be decided on the record without an evidentiary hearing.

## IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
April 16, 2013

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

Adonay Sword Yada Al-Ali Father Allah, #1063962
Lunenburg Correctional Center
P.O. Box 1424
Victoria, VA 23974

Leah Ann Darron, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

                                                          Fernando Galindo, Clerk

                                           By _____
                                                Deputy Clerk
                                                April     , 2013